**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **BRIAN CHESSON,** | ) | **CASE NO. 8:14CV9** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **DENISE JERARD, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff filed his Complaint in this matter on January 13, 2014. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.   SUMMARY OF COMPLAINT**

Plaintiff was an employee of Parker Hannifin Corporation ("PHC") for almost 14 years. (Filing No. 1 at CM/ECF p. 1.) He alleges that PHC and various employees—Defendants Denise Jerard ("Jerard"), Rick Lusk ("Lusk"), Bridget Woods ("Woods"), and Tom Cummings ("Cummings")—discriminated against him on the basis of age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634; and the Nebraska Age Discrimination in Employment Act ("NADEA"), Neb. Rev. Stat. §§ 48-1001-1010. Plaintiff also asserts what the court has construed as a sex discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17; and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101-1126. (*Id*. at CM/ECF p. 1.)

Plaintiff alleges that in May 2012, he was told by Jerard (his supervisor) to remain at his work station. (*Id.* at CM/ECF p. 2.) Plaintiff claims that he asked Jerard (who was

27 years old) whether this restriction applied only to him, and that Jerard "said yes, even though the younger females in bobbin repair and WSW crew were treated contrary." (*Id*.) Plaintiff asserts that this was unfair treatment based on his age, and that when he complained about it to Lusk, he was told "to just let it go because [Jerard] is new and young." (*Id*.) This alleged incident forms the basis of Plaintiff's age discrimination claims.

On May 18, 2012, Plaintiff claims he was terminated by Jerard, Woods, and Cummings on the basis of a false accusation of sexual harassment by a co-worker, Ariel Donker. (*Id.* at CM/ECF p. 3-4.) Plaintiff alleges that the accusation was not fully investigated and objects to the fact that Donker was not disciplined or terminated for her alleged false claim. He asserts that his termination violated Title VII and NFEPA. (*Id*. at 3.) Plaintiff does not explain why his termination violated these anti-discrimination statutes. He does not allege, for example, that he was discriminated against on the basis of his race or religion. Although not explicitly alleged in his Complaint, the court will assume that Plaintiff is alleging he was discriminated against on the basis of his sex.[1]

As relief, Plaintiff seeks in excess of $809,000.00 separated categorically as relief for "Loss of Wages," "Mental Anguish," and "Defamation." (*Id*. at CM/ECF pp. 3-4.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state

---

[1] Plaintiff refers the court to his "Charge of Discrimination EEOC Document" for additional information on his claim of sex discrimination. However, Plaintiff has not submitted this document to the court.

a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failure to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citation omitted). Liberally construed, pro se litigants must comply with the Federal Rules of Civil Procedure. *See Burgs v. Sissel,* 745 F.2d 526, 528 (8th Cir. 1984), ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").

Plaintiff has asserted claims for employment discrimination. A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in his complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-512 (2002), *abrogated in part on other grounds by Twombly*, 550 U.S. at 570, (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face). However, the

3

elements of a prima facie case are relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013), (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012), ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in his complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

### III. DISCUSSION OF CLAIMS

Plaintiff has asserted claims for age and sex discrimination. His age discrimination claim is predicated on being instructed to remain at his workstation. The court has considered Plaintiff's age discrimination claim under two potential theories: hostile work environment and disparate treatment. As discussed below, Plaintiff's Complaint does not state a claim for relief under either theory. The court has construed Plaintiff's sex discrimination claim as concerning solely his termination.

#### A. Age Discrimination

Plaintiff asserts claims under the ADEA and the NADEA. The ADEA protects individuals over 40 and prohibits an employer from failing or refusing to hire, discharging, or otherwise discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. 29 U.S.C. § 623(a); *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010). The NADEA offers similar protection. *See* Neb. Rev. Stat. § 48-1004(1)(a). The NADEA is interpreted

in conformity with the ADEA, and the court will apply the same analysis to both claims. See *Billingsley v. BFM Liquor Mgmt., Inc.*, 645 N.W.2d 791, 801-02 (Neb. 2002). The court looks to the elements of a prima facie case of discrimination in assessing whether Plaintiff has pled enough facts to make entitlement to relief plausible.

      i.      **Hostile Work Environment**

Plaintiff's claim of age discrimination is most naturally read as raising a hostile work environment claim. Here, to set forth a prima facie case of discrimination, a plaintiff must establish that (1) he belongs to a protected class (i.e., he was over 40); (2) he was subjected to unwelcome harassment; (3) the harassment was based on his age; and (4) the harassment was sufficiently severe or pervasive as to affect a term or condition of employment. *Fuller v. Fiber Glass Sys., LP*, 618 F.3d 858, 863 (8th Cir. 2010); *Weyers v. Lear Operations Corp.*, 359 F.3d 1049, 1056 n.6 (8th Cir. 2004).

The only basis for Plaintiff's hostile work environment claim is the alleged incident in which Jerard instructed him to remain at his workstation. Plaintiff has not alleged the first required element: that he was over age 40. Assuming that he was, the alleged incident with Jerard does satisfy the second element of a hostile work environment claim. The court has little trouble concluding that Plaintiff did not welcome being forced to remain at his work station while younger employees were allowed to leave. These allegations also satisfy the third element, that the harassment was based on Plaintiff's age. However, Plaintiff has not alleged facts showing that he was subject to harassment that was so severe or pervasive as to affect the terms and conditions of his employment.

To state a hostile work environment claim, the harassment complained of must be severe or pervasive enough to create an objectively hostile or abusive work environment. *Diaz v. Swift Eckrich, Inc.*, 318 F.3d 796, 800 (8th Cir. 2003). The singular event Plaintiff relies on simply does not rise to the level of required hostility. *See Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008). Simply put, while being told to remain at his workstation might suggest that Plaintiff was treated unfairly, it is not the sort of severe or pervasive mistreatment necessary to state a hostile work environment claim. *Diaz*, 318 F.3d at 800. In other words, Plaintiff has not pled enough facts to make entitlement to relief plausible.

ii. **Disparate Treatment**

Disparate treatment cases present the most easily understood type of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009). Disparate treatment occurs where an employer treats particular individuals less favorably than others because of a protected trait. *Id*. To set forth a prima facie claim of age discrimination, a plaintiff must establish that (1) he is over 40; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) similarly-situated employees outside the class were treated more favorably. *Anderson*, 606 F.3d at 523. "The hallmark of an ADEA disparate-treatment claim is intentional discrimination against the plaintiff on account of the plaintiff's age." *Rothmeier v. Inv. Advisers, Inc.*, 85 F.3d 1328, 1331 (8th Cir. 1996). This requires proof that age was the "but-for" cause of the employer's adverse decision. *Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167, 176-78 (2009).

6

Based on the alleged facts, the court interprets the Complaint as suggesting that there were two actions against Plaintiff that he considers adverse. The first was Plaintiff's termination by Jerard, Woods, and Cummings. (*Id*. at CM/ECF p. 3.) The second occurred when Plaintiff was instructed to remain at his workstation. Termination from employment is an adverse employment action. However, being asked to remain at a workstation is not an adverse employment action where there are no facts suggesting it caused Plaintiff to suffer a material employment disadvantage or a tangible change in working conditions. *Thomas v. Corwin*, 483 F.3d 516, 528-29 (8th Cir. 2007); *Wedow v. City of Kan. City, Mo.*, 442 F.3d 661, 671 (8th Cir. 2006).

The Complaint being void of any indication of Plaintiff's age, the court cannot imply that Plaintiff is over the age of 40. In addition, the court cannot infer that Plaintiff's age was a "but-for" cause of his termination. Plaintiff's Complaint states that he was terminated due to the allegation against him that he sexually harassed a co-worker and there are no additional facts that suggest the termination was on account of his age. (*Id.* at CM/ECF p. 3.) Therefore, Plaintiff has failed to state a disparate treatment claim.

**B.    Title VII**

Plaintiff also brings claims under Title VII and NFEPA. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e2(a)(1). The same analysis governs Plaintiff's claims under Title VII and the NFEPA. *See Leiting v. Goodyear Tire & Rubber Co.*, 117 F.Supp.2d 950, 955

7

(D. Neb. 2000); *Father Flanagan's Boys' Home v. Agnew*, 590 N.W.2d 688, 693 (Neb. 1999). As noted above, the court has construed Plaintiff as raising a claim of sex discrimination.

### i. Disparate Treatment (Termination)

In assessing whether Plaintiff has pled enough facts to make entitlement to relief plausible, the court looks to the elements of a prima facie case of discrimination as guidance. To set forth a prima facie case of discrimination, a plaintiff must establish that (1) he is a member of a protected class; (2) he met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1019 (8th Cir. 2011).

Here, the court must be able to reasonably infer that other employees outside of the protected class were allegedly treated more favorably even though they were similarly situated. *Gilooly v. Mo. Dep't of Health & Senior Servs.*, 421 F.3d 734, 739 (8th Cir. 2005). Plaintiff's Complaint does not contain any allegations that suggest he was discriminated against on the basis of sex. Plaintiff alleges only that he was accused of sexually harassing Donker, that the incident was not fully investigated, and that Plaintiff was fired due to the allegation. The court need only address whether Plaintiff's termination was on the basis of sex. The fact that Plaintiff was accused of *sexual* harassment (as opposed to some other disciplinary violation) does not alter the court's conclusion. Mistreatment by employers or co-workers is not "automatically discrimination because of sex merely because the words used have sexual content or connotations." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998). "The critical issue, as Title VII's text

indicates, is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Id*. Plaintiff's termination is attributed to being accused of sexually harassing a female co-worker and not on the basis of sex in violation of Title VII. Thus, Plaintiff has failed to state a sex discrimination claim for which relief may granted.

### C. Plaintiff's Claims Against the Individual Defendants

The court will provide Plaintiff with leave to replead his employment discrimination claims against his employer, PHC. However, the individual defendants—Jerard, Lusk, Woods, and Cummings—are not subject to liability under any of the statutes underlying Plaintiff's claims. Title VII only imposes liability upon employers, not individual supervisors or co-workers. *Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998). The same rule applies to claims under the ADEA. *See, e.g., Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001); *Smith v. Lomax*, 45 F.3d 402, 403 n. 4 (11th Cir. 1995); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994); *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993); *see also Feller v. McCarthy,* No. 4:07CV3117, 2007 WL 3204463, at *3 (D. Neb. Oct. 30, 2007); *Rickert v. Midland Lutheran Coll.*, No. 8:07CV334, 2007 WL 2933229, at * 1 (D.Neb. Oct. 5, 2007).

IT IS THEREFORE ORDERED that:

1. On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently alleges an employment discrimination claim upon which relief may be granted. Failure to file an amended complaint in accordance with this Memorandum and Order will result in dismissal of this action without prejudice and without further notice;

2. Plaintiff's claims against Jerard, Lusk, Woods, and Cummings are dismissed without prejudice; and

3. The clerk's office is directed to set a pro se case management deadline in this case using the following text: August 4, 2014: Check for amended complaint.

DATED this 7th day of July, 2014.

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge

---

∗This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.